## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-09-367-M |
| | ) | |
| ANTHONY J. LIMPY, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is defendant Anthony J. Limpy's Motion for Reduction of Sentence for Compelling Reason Pursuant to Title 18 U.S.C. § 3582(c) filed October 22, 2010. On October 29, 2010, the government filed its response.

On January 11, 2006, defendant was sentenced, in the District of Montana, to the Bureau of Prisons for a term of sixty-three (63) months, to be followed by five (5) years of supervised release. Defendant completed his term of incarceration and commenced his term of supervised release on October 13, 2009. On March 1, 2010, a Petition for Warrant or Summons for Offender Under Supervision was filed alleging that defendant violated two conditions of his supervised release. Defendant stipulated to the alleged offenses during a revocation hearing held on March 15, 2010.

On July 13, 2010, another Petition for Warrant or Summons for Offender Under Supervision was filed again alleging defendant violated additions conditions of his supervised release. On August 16, 2010, a final revocation of supervised release hearing was held before this Court. The Petition alleged that defendant violated several conditions of his supervised release, to wit: failing to comply with his curfew; reporting to the United States Probation Office under the influence of alcohol; failing to abide by the rules of the Carver Center; and by committing an assault and battery

on a minor. During the hearing United States Probation Officer Aric Holloway testified that defendant had been arrested in Watonga County on July 10, 2010 for assault and battery on a minor. Through counsel defendant stipulated to the third violation alleged. Based on the evidence presented and the statements of counsel, this Court found that defendant did in fact violate his conditions of supervised release and remanded defendant to the custody of the Bureau of Prisons to be incarcerated for a term of 24 months.

Defendant now moves for a reduction of his sentence based upon compelling reasons pursuant to 81 U.S.C § 3582(c).

Section 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that -
>
> (1)   in any case-
>
>   (A)   the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that -
>
>     (I)   extraordinary and compelling reasons warrant such a reduction; or
>
>     (ii)   the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>   and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>   (B)   the court may modify an imposed term of imprisonment to the

> extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statement issued by the Sentencing Commission.

Although defendant contends that he falls within § 3582(c), the Court finds that, pursuant to the clear language of the statute he does not. The Court finds there has not been a motion by the Director of the Bureau of Prisons to modify defendant's term of imprisonment or the existence of compelling circumstances warranting the modification of defendant's sentence. Additionally, the Court finds defendant has not been sentenced based on a sentencing range that has been subsequently lowered.

Accordingly, the Court DENIES defendant's Motion for Reduction of Sentence for Compelling Reasons Pursuant to Title 18 U.S.C. § 3582(c) [docket no. 29].

**IT IS SO ORDERED this 17th day of November, 2010.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE